## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN LEBLANC, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1657** |
| **LA CARRIERS, LLC** | **SECTION: "G"(1)** |

### ORDER

In this litigation, Plaintiff Kevin LeBlanc, Jr. ("Plaintiff") alleges that he is entitled to damages from Defendant L.A. Carriers, L.L.C. ("Defendant") as a result of Defendant's negligence and the unseaworthiness of Defendant's vessel that allegedly caused Plaintiff's accident.[1] Pending before the Court is Defendant's "Motion for Partial Summary Judgment."[2] Having reviewed the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will grant the motion.

### I. Background

In his complaint, Plaintiff alleges that he was employed by Defendant L.A. Carriers, L.L.C. as a Jones Act Seaman aboard the M/V MON TA.[3] Plaintiff alleges that on or about March 20, 2015, he experienced an accident that resulted in serious painful injuries to his back and other parts of his body.[4] According to Plaintiff, he is entitled to recover damages from Defendant as a

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 9.

[3] Rec. Doc. 1 at 1.

[4] *Id.* at 2.

1

result of Defendant's negligence and the unseaworthiness of the vessel.[5] Plaintiff also asserts that Defendant has an absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty up until maximum cure is achieved.[6]

Plaintiff filed his complaint on March 15, 2015.[7] Defendant filed the instant motion on December 29, 2015.[8] Plaintiff filed an opposition on January 12, 2016.[9] With leave of Court, Defendant filed a reply on January 20, 2016.[10]

## II. Parties' Arguments

### A.   Defendant's Arguments in Support of Summary Judgment

Defendant moves for summary judgment on the issue of whether it owes Plaintiff maintenance and cure benefits for injuries Plaintiff allegedly sustained while in the course and scope of his employment.[11] Defendant asserts that pursuant to the Fifth Circuit case *McCorpen v. Central Gulf Steamship, Corp.*, because Plaintiff intentionally misrepresented his prior back injuries, he has forfeited his right to maintenance and cure.[12]

Defendant asserts that in *McCorpen*, the Fifth Circuit states that maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during

---

[5] *Id.* at 3.

[6] *Id.*

[7] Rec. Doc. 1.

[8] Rec. Doc. 9.

[9] Rec. Doc. 10.

[10] Rec. Doc. 13.

[11] Rec. Doc. 9 at 1.

[12] Rec. Doc. 9-4 at 5 (citing 396 F.2d 547, 548 (5th Cir. 1968)).

his service of the ship.[13] Defendant contends that in order to establish a "*McCorpen* defense to deny a seaman's claim for maintenance and cure benefits, an employer must show that: "(1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[14]

First, Defendant contends that a review of Plaintiff's medical records and deposition testimony demonstrates that he intentionally misrepresented or concealed his prior back injuries.[15] According to Defendant, although Plaintiff will likely argue that he did not "intentionally" misrepresent his back problems because he did not understand the questions he was answering, the "intentional concealment" element does not require a finding of subjective intent.[16] Defendant asserts that when Plaintiff was asked during his deposition whether he knew that he had previous back problems when he filled out his employment application, he responded that he did.[17] Therefore, Defendant argues that the intentional concealment/misrepresentation requirement is clearly satisfied.[18]

Second, citing the affidavit of Anthony Perera, Personnel Manager of Defendant, Defendant asserts that the non-disclosed facts were material to its decision to hire Plaintiff because it would not have hired Plaintiff as a deckhand, a job which requires heavy duty labor, had they

---

[13] *Id.* (citing 396 F.2d at 548).

[14] *Id.* (citing *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005)).

[15] *Id.* at 3–5 (citing Rec. Doc. 9-5 at 4–5; Rec. Doc. 9-7).

[16] *Id.* at 5–6 (citing *Brown*, 410 F.3d at 174).

[17] *Id.* at 6 (citing Rec. Doc. 9-5 at 5).

[18] *Id.*

known of Plaintiff's pre-existing back injuries.[19] In support, Defendant also cites *Brown v. Parker Drilling Offshore Corp.*, a Fifth Circuit case, stating that, in *Brown*, the court stated "the fact that an employer asks a specific medical question on an application, and that inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis."[20]

Third, Defendant contends that a connection exists between the withheld information and the injury complained of in Plaintiff's lawsuit because, in order to satisfy this element, all it needs to show are that Plaintiff's "new" injuries are in the same location as the injuries he was treated for in 2011.[21] Defendant asserts that in 2011, Plaintiff was treated for "low back pain with radicular symptoms in the right leg."[22] Defendant avers that Plaintiff's medical records from 2015 show that Plaintiff again alleges that he suffers from low back pain.[23]

**B.   *Plaintiff's Arguments in Opposition to the Motion for Summary Judgment***

In opposition, Plaintiff first argues that the instant motion is premature pursuant to Federal Rule of Civil Procedure 56 as the discovery deadline has not yet passed.[24] Plaintiff asserts that district courts generally should not grant summary judgment before the parties have completed discovery.[25] According to Plaintiff, the parties have engaged in some written discovery and taken

---

[19] *Id.* at 7 (citing Rec. Doc. 9-8).

[20] *Id.* (quoting 410 F.3d at 175).

[21] *Id.* (citing *Brown*, 410 F.3d at 176–77).

[22] *Id.* (citing Rec. Doc. 9-7).

[23] *Id.* at 9 (citing Rec. Docs. 9-0, 9-10, 9-11).

[24] Rec. Doc. 10 at 1 (citing *Galaxy Tire, Inc. v. Terwilliger*, 189 F.3d 469 (5th Cir. 1999)).

[25] *Id.* (citing *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267 (5th Cir. 2012); *Gabarick v. Laurin Maritime (Am.), Inc.*, 406 F. App'x 883 (5th Cir. 2010); *McLaughlin v. W&T Offshore, Inc.*, 78 F. App'x 334 (5th

some depositions; however, three key depositions, those of Dr. Michael LaSalle, one of the first doctors to treat Plaintiff after he was injured, Dr. Rand Voorhies, Plaintiff's current treating physician, and Dr. Larry Haydel, a prior treating physician, have not yet been taken.[26] Plaintiff contends that these doctors can establish whether or not there is a causal link between any pre-existing condition and the disability incurred by Plaintiff's March 20, 2015 accident.[27] Plaintiff asserts that he is lacking the complete information necessary to meaningfully oppose the motion and urges the Court to apply Federal Rule of Civil Procedure 56(d), which, he asserts, provides that if the non-movant cannot present facts essential to justify its opposition, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[28]

Plaintiff also asserts that summary judgment is inappropriate based upon the current record.[29] First, Plaintiff asserts that there is no evidence that he had any intent to conceal any prior back issues and, in fact, he specifically testified that he had no such intent.[30] Plaintiff asserts that he testified that he answered the questions truthfully based upon what he thought was being asked of him and there are no medical records that have been produced to show that he had any real condition to his back or that any treatment was even recommended to correct any such condition.[31]

---

Cir. 2003); *Sunbelt Sav., FSB Dallas, Tex. v. Montross*, 923 F.2d 353 (5th Cir. 1991)).

[26] *Id.* at 1–2.

[27] *Id.* at 2.

[28] *Id.* at 4.

[29] *Id.* at 5.

[30] *Id.* (citing Rec. Doc. 10-2).

[31] *Id.*

Plaintiff also avers that there is no evidence that he had any difficulty performing his job duties before the accident and there is a genuine issue of material fact as to whether he had a prior disabling back condition "considering he had no prior restrictions, had worked for years doing heavy manual labor with no problem, and passed all pre-employment screenings."[32]

Second, Plaintiff asserts that there is no evidence of materiality as no one has testified that Plaintiff would not have been hired had Defendant known that he had seen a doctor in the past related to his back.[33] Plaintiff contends that "[a] triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries."[34]

Third, Plaintiff asserts that there is no evidence of a causal link between any alleged prior back problems and Plaintiff's current injury to satisfy the third element of the *McCorpen* defense.[35] Plaintiff contends that neither his prior treating physician, nor the first doctor to see Plaintiff after his injury, nor Plaintiff's current doctor have been deposed, therefore it is unknown what similarities and/or differences exist between Plaintiff's prior medical condition and his current complaints.[36] According to Plaintiff, it is currently unknown if his current complaints are caused by the same condition.[37] Furthermore, Plaintiff contends that a causal link does not always exist

---

[32] *Id.*

[33] *Id.* (citing *Smith v. Diamond Servs. Corp.*, No. 14-1011, 2015 WL 5559820 (E.D. La. Sept. 21, 2015) (Milazzo, J.)).

[34] *Id.* (quoting *Smith*, 2015 WL 5559820, at *3).

[35] *Id.* at 5–6 (citing *Parker v. Jackup Boat Serv., LLC*, 542 F. Supp. 2d 481 (E.D. La. 2008) (Zainey, J.)).

[36] *Id.* at 6–7.

[37] *Id.* at 6.

just because the same area of the body is affected.[38] In support, Plaintiff cites a case from another section of the Eastern District of Louisiana, *Sharpe v. Bertucci Contracting Co. LLC*, stating that in determining whether a connection exists, courts look at "whether the injuries were identical or produced identical or substantially similar symptoms in the same part of the body."[39] Plaintiff also cites *Johnson v. Cenac Towing, Inc.,* where another section of the Eastern District of Louisiana stated that the inquiry regarding a causal link is "whether the new injury is related to the old injury, irrespective of their root causes."[40]

In conclusion, Plaintiff contends that in light of the conflicting evidence regarding his disclosures and the lack of evidence related to materiality and causal link, there are genuine issues of material fact regarding whether Defendant is entitled to a *McCorpen* defense.[41]

## C.    *Defendant's Arguments in Further Support of Summary Judgment*

In reply, Defendant asserts that although Plaintiff contends that there is no evidence of any intent on behalf of Plaintiff to conceal any prior back issues, it is well-established by the Fifth Circuit that the "intentional concealment" element of the *McCorpen* defense does not require a finding of subjective intent.[42] In support, Defendant cites *Ladnier v. REC Marine Logistics, L.L.C.*, where, Defendant asserts, another section of the Eastern District of Louisiana rejected an argument

---

[38] *Id.*

[39] *Id.* (citing No. 13-6101, 2014 WL 4274710 (E.D. La. Aug. 29, 2014) (Lemelle, J.)).

[40] *Id.* at 7 (citing 599 F. Supp. 2d 721 (E.D. La. 2009) (Vance, C.J.)).

[41] *Id.* at 8.

[42] Rec. Doc. 13 at 1 (citing *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 174 (5th Cir. 2005)).

made by counsel for Plaintiff that a plaintiff's contention that he was answering truthfully precludes a finding that there was "intentional concealment."[43]

Next, Defendant contends that Plaintiff's argument regarding materiality ignores the affidavit of Anthony Perera, Defendant's Personnel Manager, who asserts that had Plaintiff informed Defendant of his prior back injuries, Defendant would not have hired him.[44] In support, Defendant also cites *Ladnier*, where, it contends, the court determined that the materiality element had been established based upon similar testimony.[45]

Turning to Plaintiff's argument that there is no evidence of a "causal link" between his prior back problems and his new back problems, Defendant asserts that the rule in the Fifth Circuit is clear that when a plaintiff's new injuries are in the same location of the body as the old injuries, a causal link has been established.[46] Defendant again asserts that the court in *Ladnier* rejected this exact same argument.[47] In addition, Defendant asserts that Plaintiff's quotation of the court's opinion in *Johnson v. Cenac Towing, Inc.* was taken out of context and was misleading and inaccurate.[48] Defendant asserts that in *Johnson*, contrary to Plaintiff's representations, the court confirmed that no medical proof was necessary that the new injury was an aggravation of an old

---

[43] *Id.* at 1–2 (citing No. 14-1278, 2015 WL 3824382, at *13 (E.D. La. June 19, 2015) (Morgan, J.)).

[44] *Id.* at 2 (citing Rec. Doc. 9-8).

[45] *Id.* (citing 2015 WL 3824382, at *16).

[46] *Id.* (citing *Brown*, 410 F.3d at 176).

[47] *Id.* (citing 2015 WL 3824382, at *20).

[48] *Id.* at 3.

injury; rather, it was sufficient for the defendant to show that the injuries were to the same location of the body.[49]

Finally, Defendant asserts that the depositions of the three doctors discussed by Plaintiff are unnecessary for the Court to rule on this motion as the records from all three of the doctors have been produced and deposition testimony will not change those records.[50] Defendant contends that all three doctors have treated Plaintiff for low back pain and therefore the causal link element has been established.[51]

### III. Law and Analysis

*A.*     *Legal Standard on a Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[52] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[53] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[54]

---

[49] *Id.* (citing 599 F. Supp. 2d 721, 728 (E.D. La. 2009)).

[50] *Id.* at 4.

[51] *Id.*

[52] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[53] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[54] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[55] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[56]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[57] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[58] To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.[59] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[60] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for

---

[55] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[56] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[57] *Celotex*, 477 U.S. at 323.

[58] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[59] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[60] *Little*, 37 F.3d at 1075.

the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[61]

**B.     Analysis**

Defendant moves for summary judgment on Plaintiff's claim for maintenance and cure benefits pursuant to *McCorpen v. Central Gulf Steamship Corp.* because, it asserts, Plaintiff made a material misrepresentation on his employment application.[62] In opposition, Plaintiff contends that the Court should not grant summary judgment as the parties have not completed discovery and there are three key depositions that have not yet been taken.[63] Plaintiff also opposes summary judgment on the grounds that there are genuine issues of material fact regarding whether Defendant is entitled to a *McCorpen* defense.[64] The Court will first address the merits of Defendant's motion and then, if necessary, will address Plaintiff's argument that the Court should defer ruling until discovery is completed.

"Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel."[65] However, an employer may deny a claim for maintenance and cure benefits if it can show that an injured seaman willfully concealed a preexisting medical condition from his employer.[66] In order to establish such a defense, pursuant to *McCorpen*, an employer must show that: "(1) the claimant intentionally misrepresented or

---

[61] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

[62] Rec. Doc. 9-4 at 4–5 (citing 396 F.2d 547 (5th Cir. 1968)).

[63] Rec. Doc. 10 at 1.

[64] *Id.* at 8.

[65] *McCorpen*, 396 F.2d at 548.

[66] *Id.*; *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005)).

concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[67] The Court will address each of these elements in turn.

### 1.  Intentional Misrepresentation or Concealment of Medical Facts

Defendant contends that Plaintiff was required to fill out several pre-employment questionnaires regarding his prior medical history and was specifically asked whether he had ever had problems with his back in the past.[68] Defendant asserts that Plaintiff intentionally misrepresented or concealed his prior back injuries when answering these questions.[69] In opposition, Plaintiff asserts that there is no evidence that he had any intent to conceal any prior back issues and points to his deposition testimony where he testified that he had no such intent.[70]

The Fifth Circuit in *Brown v. Parker Drilling Offshore Corp.* determined that the intentional concealment prong of the *McCorpen* defense does not require a finding of subjective intent.[71] The court stated "Seamen must not be allowed to blatantly misrepresent their medical history on questionnaires and then plead ignorance before a jury."[72] In *Brown*, the court concluded that the defendant had established as a matter of law that the plaintiff had knowingly concealed

---

[67] *Brown*, 410 F.3d at 171 (citing *McCorpen*, 396 F.2d at 548–49).

[68] Rec. Doc. 9-4 at 2.

[69] *Id.* at 6.

[70] Rec. Doc. 10 at 5 (citing Rec. Doc. 10-2).

[71] *Brown*, 410 F.3d at 173.

[72] *Id.* at 175.

material medical information, rejecting the plaintiff's argument that he did not intend to conceal his medical condition and did not understand that his back injuries constituted back "trouble."[73]

According to Defendant, when Plaintiff was asked if he had ever had back trouble or injury to his back, where trouble was defined as "any condition that prompted you to seek medical attention with a doctor, nurse practitioner, or any other health provider," Plaintiff circled no.[74] In addition, Defendant contends that when he was asked to mark if he had any of the following conditions, he did not indicate that he had a "Back/Neck Problem."[75] Defendant asserts that the questionnaire stated that a failure to answer truthfully regarding "WILL RESULT IN IMMEDIATE TERMINATION AND FORFEITURE OF WORKERS COMPENSATION BENEFITS AND FORFEITURE OF MAINTENANCE IN CURE."[76] Defendant contends that despite this warning, Plaintiff circled "NO" next to every listed ailment, including "Injured back/back pain," "Injured neck/neck pain," and "Sciatica or nerve pain."[77]

Defendant contends that a review of Plaintiff's prior medical records reveals that Plaintiff's representations on the questionnaire were false.[78] In support, Defendant points to medical records from Houma Orthopedic Clinic from 2011, where, in one report, the doctor notes that Plaintiff "comes in with a four year history of low back pain."[79] The doctor notes that his impression is that

---

[73] *Id.* at 172–74.

[74] Rec. Doc. 9-4 at 2 (citing Rec. Doc. 9-6).

[75] *Id.* (citing Rec. Doc. 9-6)

[76] *Id.*

[77] *Id.* at 3 (citing Rec. Doc. 9-6).

[78] *Id.*

[79] *Id.* (citing Rec. Doc. 9-7 at 1).

Plaintiff suffered from "low back pain with radicular symptoms in the right leg."[80] Defendant also cites another record from Houma Orthopedic Clinic from November 1, 2011, where Plaintiff reported that he was seeing the doctor for back pain and had had back pain before.[81] On the form, when Plaintiff was asked how the accident/injury happened, Plaintiff wrote "feel [sic] on cement & porch collapse."[82] Defendant also cites to Plaintiff's deposition testimony where Plaintiff was asked "When you filled out this application [for employment] that we just went over, you knew at that time you had had previous back problems," and answered "Yes, sir."[83] Plaintiff was also asked, "[Y]ou had four years of problems with your back, seeing doctors. Is that true?" to which he answered "Yes, sir."[84]

　　Although Plaintiff contends that there is a genuine issue of material fact regarding whether he had a prior disabling back condition considering he had no prior restrictions, had worked for years doing heavy manual labor with no problem, and passed all pre-employment screenings,[85] this argument is unavailing under *Brown*. In *Brown*, the Fifth Circuit, quoting *McCorpen*, stated that "where the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and

---

[80] Rec. Doc. 9-7 at 1.

[81] Rec. Doc. 9-4 at 3 (citing Rec. Doc. 9-7 at 5).

[82] Rec. Doc. 9-7 at 5.

[83] Rec. Doc. 9-4 at 6 (citing Rec. Doc. 9-5 at 7).

[84] Rec. Doc. 10-2 at 11.

[85] Rec. Doc. 10 at 5.

cure."[86] Here, Plaintiff was specifically asked if he had ever had back trouble or injury to his back, where "trouble" was defined as "any condition that prompted you to seek medical attention with a doctor, nurses practitioner, or any other health care provided [sic]" to which he circled "no."[87] This application was signed by Plaintiff on January 22, 2015.[88] There is evidence in the record that in 2011, Plaintiff reported to his doctor that he had been suffering back problems for four years.[89] Although Plaintiff, during his deposition, expressed difficulty remembering what he had told his doctor on that day, he conceded that he had a history of back problems and was aware of this history at the time that he filled out the employment application.[90] Accordingly, there is no genuine issue of material fact that Plaintiff knowingly concealed medical facts.

### 2.   Materiality of the Non-Disclosed Facts to the Employer's Decision to Hire Plaintiff

Next, the Court turns to the materiality prong of the *McCorpen* defense. The Fifth Circuit in *Brown* determined that "[t]he fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his duties, renders the information material for the purpose of [the materiality] analysis."[91] In support of its motion for summary judgment, Defendant submits the affidavit of Anthony Perera ("Perera"), Personnel Manager for Defendant, who asserts that he has the authority to offer and

---

[86] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 173 (5th Cir. 2005) (quoting *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547, 549 (5th Cir. 1968)).

[87] Rec. Doc. 9-6 at 2.

[88] *Id.* at 4.

[89] Rec. Doc. 9-7 at 5.

[90] Rec. Doc. 10-2 at 7; Rec. Doc. 9-5 at 4.

[91] 410 F.3d at 175.

rescind employment.[92] Perera states that the position of deckhand requires heavy labor and that it is important for potential employees to be truthful when completing the medical questionnaires regarding their physical abilities and/or limitations that can impact not only their own safety, but also the safety of other employees.[93] In opposition, Plaintiff asserts that "No one has testified that plaintiff would not have been hired had [Defendant] known that he had seen a doctor in the past related to his back."[94] Plaintiff also contends that a triable issue of fact exists when it is unclear whether an employer's hiring decision would have been affected by knowledge of the applicant's previous injuries.[95] However, Perera in his affidavit, states that "[h]ad Plaintiff informed [Defendant] of his pre-existing back injury, [Defendant] would not have hired Plaintiff as a deckhand."[96]

In this case, the employment application specifically asked in at least three places whether the Plaintiff had back or neck problems.[97] Defendant has also submitted evidence that the position of deckhand requires heavy labor and that Defendant considers a pre-existing back injury so important that it would not have hired Plaintiff had it known of his prior injuries.[98] Plaintiff has not submitted any evidence to oppose Defendant's contention that the non-disclosed facts were

---

[92] Rec. Doc. 9-8.

[93] *Id.* at 2.

[94] Rec. Doc. 10 at 5.

[95] *Id.* (citing *Smith v. Diamond Servs. Corp.*, 14-1011, 2015 WL 5559820 (E.D. La. Sept. 21, 2015) (Milazzo, J.)).

[96] Rec. Doc. 9-8 at 2.

[97] Rec. Doc. 9-6.

[98] Rec. Doc. 9-8.

16

material. Although Plaintiff contends that no one has testified that he would not have been hired had Defendant known about his prior back issues, Plaintiff fails to acknowledge the affidavit of Perera.[99] Plaintiff has therefore failed to raise a genuine issue of material fact regarding the materiality of the non-disclosed facts.

### 3.   Causality

The Court now turns to the third prong of the *McCorpen* defense: whether a connection exists between the withheld information and the injury complained of in the lawsuit.[100] "[E]ven an intentional misrepresentation of medical facts which would have been material to the employer's hiring decision is insufficient to overcome an obligation of maintenance and cure, barring a connection between the withheld information and the injury which is eventually sustained."[101]

Defendant contends that in 2011, Plaintiff was treated for "low back pain with radicular symptoms in the right leg."[102] Defendant points to Plaintiff's medical records from after the accident at issue in this case, which show that Plaintiff suffers "[r]ight sided paraspinal low back pain."[103] In opposition, Plaintiff asserts that "[i]t is currently unknown if the current complaints are the same much less caused by the same condition."[104] Plaintiff contends that a diagram submitted by Defendant demonstrates that Plaintiff indicated that in 2011, he had pain radiating

---

[99] Rec. Doc. 10 at 5.

[100] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen*, 396 F.2d at 548–49).

[101] *Id.* at 175 (internal quotations omitted) (quoting *Howard v. A.S.W. Well Serv. Inc.*, No. 89-2455-L, 1991 WL 365060, at *2 (W.D. La. Dec. 5, 1991)).

[102] Rec. Doc. 9-4 at 7 (citing Rec. Doc. 9-7).

[103] Rec. Doc. 9-11.

[104] Rec. Doc. 10 at 6.

into his left leg whereas in 2015, he complained of back pain radiating to the right.[105] According to Plaintiff, in determining whether a connection exists between the previous injury and the new injury, courts look to "whether the injuries were identical or produced identical or substantially similar symptoms in the same part of the body."[106] Plaintiff contends that because Doctors Haydel, LaSalle, and Voorhies have yet to provide testimony and it is unknown what similarities or differences exist between Plaintiff's prior problems and current complaints, summary judgment should be denied.[107]

The Fifth Circuit in *Brown* determined that because the injuries the plaintiff suffered while working aboard the vessel were in the same location of the lumbar spine as his previous injuries, the causal link between the concealed information and the new injury had been established.[108] In support, the court in *Brown* cited a case from another section of the Eastern District of Louisiana, *Weatherford v. Nabors Offshore Corp.*, where the court stated that "[w]here plaintiff claims an injury in the exact same area of the back as was previously injured, the causal connection is clear."[109] In *Weatherford*, the court determined that there was an "obvious causal connection" between the plaintiff's previous and current injuries because the plaintiff had admitted to concealing a prior injury to his lower back and in his instant claim, included an allegation of a

---

[105] *Id.*

[106] *Id.* (citing *Sharpe v. Bertucci Contracting Co. LLC*, No. 13-6101, 2014 WL 4274710 (E.D. La. Aug. 29, 2014) (Lemelle, J.)).

[107] *Id.* at 7–8.

[108] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 176 (5th Cir. 2005).

[109] *Id.* (citing No. Civ. A. 03-0478, 2004 WL 414948, at *3 (E.D. La. Mar. 3, 2004) (Duval, J.))

"sharp, stabbing pain" in his lower back.[110] This case is very similar to *Weatherford*. Here, it is undisputed that Plaintiff previously suffered injuries to his lower back and now, following the accident at issue in this case, suffers from low back pain.[111] The new injuries are therefore to the same area of Plaintiff's back as was previously injured.

In opposition to summary judgment, Plaintiff asserts that the fact that a condition affects the same body part is insufficient; rather, Plaintiff contends that the conditions need to be identical or at least cause similar symptoms.[112] In support, Plaintiff cites *Johnson v. Cenac Towing, Inc.*, another case from the Eastern District of Louisiana, where the court stated that the inquiry is "simply whether the new injury is related to the old injury, irrespective of their root causes."[113] The court in *Johnson* cited other cases where the courts discussed that the injuries were identical or produced identical or substantially similar symptoms; however, the court in *Johnson* determined that all that was necessary in order to demonstrate a causal link was that the plaintiff's old injury and his new injury were to the same area of his back.[114] Therefore, the Court concludes that *Johnson* does not support Plaintiff's contention that the conditions need to be identical or cause similar symptoms.

Plaintiff also cites several other cases from the Eastern District of Louisiana where the courts analyzed the connection between the old and new injuries. In *Sharpe v. Bertucci*

---

[110] 2004 WL 414948, at *3.

[111] Rec. Doc. 9-7; Rec. Doc. 9-11.

[112] Rec. Doc. 10 at 7.

[113] *Id.* (citing 599 F. Supp. 2d 721 (E.D. La. Mar. 2, 2009) (Vance, J.)).

[114] 599 F. Supp. 2d at 729.

*Contracting Co. LLC*, Plaintiff asserts that a judge in the Eastern District of Louisiana held that prior pain in the plaintiff's clavicle could not be proven to relate to his ultimate shoulder dislocation and ensuing complications.[115] In *Sharpe*, the plaintiff had presented deposition testimony of the physician who had treated his clavicle issue who testified that he could not "link" the two injuries together.[116] The court in *Sharpe* determined that the plaintiff had pointed to record evidence that would potentially support a finding that, from a medical perspective, there was no causal link.[117] However, *Sharpe* is distinguishable from the facts in this case. In *Sharpe*, the new and old injuries were not to the same part of the body. In *Sharpe*, the prior injury involved the plaintiff's clavicle and the later injury involved a shoulder dislocation. Here, it is undisputed that Plaintiff's injuries were both to his lower back.

Plaintiff also cites another Eastern District of Louisiana case, *Olympic Marine Co. v. Credeur*, where, Plaintiff contends, the court found that causality had not been established when the prior and present injury were not "identical or similar."[118] In *Credeur*, plaintiff Olympic Marine Company filed a declaratory action against defendant Ellis J. Credeur ("Credeur") requesting that the court declare Credeur ineligible for maintenance and cure benefits.[119] The court noted that the argument for why a causal link existed between Credeur's injuries was essentially that because Credeur discovered both injuries in the same manner, while attempting to get out of bed, a causal

---

[115] Rec. Doc. 10 at 6 (citing 2014 WL 4274710).

[116] 2014 WL 4274710, at *4.

[117] *Id.*

[118] Rec. Doc. 10 at 6 (citing No. Civ. A. 92-2062, 1992 WL 345322 (E.D. La. Nov. 10, 1992) (Livaudais, J.))

[119] 1992 WL 345322, at *1.

link existed.[120] The court concluded that "Such speculation is insufficient for this Court to conclude that no factual dispute exists with regard to the cause of [Credeur's] current injury."[121] Plaintiff cites three additional cases, two from the Eastern District of Louisiana[122] and one from the Western District of Louisiana.[123] In all three of the cases, the courts determined that there was a causal link because the injuries in each case were to the same part of the back. In *Keys v. Halliburton Co.*, one of the Eastern District of Louisiana cases cited by Plaintiff, the court concluded that the old and new injuries were both to the "low back" and therefore there was a causal link between the injuries.[124]

Plaintiff's argument that the conditions need to be identical or at least cause similar symptoms is unsupported by the case law. Nor has Plaintiff submitted any evidence to contest Defendant's evidence that both his prior injuries and current injuries are to his lower back. Plaintiff asserts that the diagram submitted by Defendant showing where Plaintiff had indicated that he was suffering pain in 2011 shows that Plaintiff was suffering from pain radiating into his left leg, whereas now he complains of pain radiating into his right leg.[125] He does not provide any evidence, however, to contest the evidence in the record that, in 2011, Plaintiff's doctor indicated that

---

[120] *Id.* at *3.

[121] *Id.*

[122] *Fox v. Plaquemines Par. Gov't*, No. CIV. A. 99-748, 1999 WL 1243065 (E.D. La. Dec. 17, 1999) (Livaudais, J.); *Keys v. Halliburton Co.*, CIV. A. No. 88-1523, 1989 WL 54224 (E.D. La. May 17, 1989) (Livaudais, J.).

[123] *Guillory v. Northbank Towing Corp.*, Civ. A. No. 92-0140, 1993 WL 721991 (W.D. La. June 25, 1993).

[124] 1989 WL 54224, at *4.

[125] Rec. Doc. 10 at 6.

Plaintiff had "low back pain with radicular symptoms in the right leg."[126] Accordingly, Plaintiff has failed to create a genuine issue of material fact that there was no causal link between his previous injuries and the injuries he allegedly suffered as a result of the accident at issue in this case.

### 4. Request for the Court to Defer Ruling on the Motion for Summary Judgment

Plaintiff also asserts that he is lacking the complete information to meaningfully oppose the motion for summary judgment and requests that the Court defer ruling until all necessary discovery has been completed.[127] Federal Rule of Civil Procedure 56(d) states that, when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion for summary judgment or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. In *Adams v. Travelers Indemnity Co. of Connecticut*, the Fifth Circuit construed Federal Rule of Civil Procedure 56(f), the predecessor to the present-day Rule 56(d),[128] and held that the Rule:

> [A]uthorizes a district court to "order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had," if the non-movant files affidavits showing that he or she "cannot for reasons stated present by affidavit facts necessary to justify the party's opposition." A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact. A party "cannot evade summary judgment simply by arguing that additional discovery is needed," and

---

[126] Rec. Doc. 9-7.

[127] Rec. Doc. 10 at 8.

[128] *See* 10B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2740 (3d ed. 2014) ("When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes.").

may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[129]

Requests for relief pursuant to Rule 56(d) are "generally favored and should be liberally granted."[130] Nonetheless, a "plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion."[131] Indeed, "[i]f it appears that further discovery will not produce evidence creating a genuine issue of material fact, the district court may, in the exercise of its discretion, grant summary judgment."[132]

The Court first notes that Plaintiff has failed to comply with the technical requirements of Rule 56(d) because he did not file into the record an affidavit or declaration stating that, for specified reasons, he cannot present facts essential to justify their opposition.[133] However, Plaintiff does assert in his opposition that there are three key depositions that have not yet been taken, those of doctors LaSalle, Voorhies, and Haydel.[134] Plaintiff asserts that the testimony of the three doctors can establish whether or not there is a causal link between any pre-existing condition and the

---

[129] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citations omitted). *See also Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (holding that the nonmoving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," but rather "must show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact.") (citations omitted).

[130] *Beattie*, 254 F.3d at 606.

[131] *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993).

[132] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004).

[133] *See* Fed. R. Civ. P. 56(d).

[134] Rec. Doc. 10 at 1–2.

disability that was allegedly incurred as a result of Plaintiff's accident.[135] Specifically, Plaintiff contends that it is "currently unknown if the current complaints are the same [as Plaintiff's previous complaints] much less caused by the same condition."[136] However, as discussed above, a determination regarding whether there is a causal link does not require an analysis regarding whether the complaints are caused by the same condition. Furthermore, there is evidence in the record regarding the fact that Plaintiff has suffered from lower back pain in the past and now also claims lower back injuries.[137] Additionally, Plaintiff has been deposed and therefore had the opportunity to testify regarding the specific complaints that he made in the past and those he made after his accident.[138] Finally, the discovery deadline in this case was March 2, 2016.[139] Discovery has now been closed for four weeks and Plaintiff has not requested leave of Court to supplement the record with any additional evidence or file any additional briefing. Accordingly, Plaintiff has failed to identify evidence likely to create a genuine issue of material fact. Therefore, the Court denies Plaintiff's request to defer ruling on Defendant's motion.

---

[135] *Id.* at 2.

[136] *Id.* at 6.

[137] *See* Rec. Docs. 9-7, 9-9, 9-10, 9-11.

[138] Rec. Doc. 9-5; Rec. Doc. 10-2.

[139] Rec. Doc. 7 at 2.

## **IV. Conclusion**

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Partial Summary Judgment"[140]

is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 30th day of March, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[140] Rec. Doc. 9.